# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF AGRICULTURE, et al., <br><br> Defendants. | Case No. 1:26-cv-11396-MJJ |

## PLAINTIFF STATES' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, Plaintiff States Massachusetts, California, Illinois, Wisconsin, Colorado, Connecticut, Delaware, District of Columbia, Hawai'i, Maine, Maryland, Michigan, Minnesota, New Jersey, New Mexico, New York, Oregon, Rhode Island, Virginia, Vermont, and Washington respectfully move for a preliminary injunction enjoining Defendants[1] from enforcing a portion of § 12.2 and all of §§ 13.5, 13.8, and 13.10 of the United States Department of Agriculture's General Terms and Conditions (the "Challenged Conditions")[2] against Plaintiff States during the pendency of this litigation.

Consistent with statutes created by Congress across more than a century, Plaintiff States receive over $74 billion annually from the U.S. Department of Agriculture ("USDA") in funding that is essential for Plaintiff States and their residents. USDA funds allow Plaintiff States to

---

[1] The Defendants are the United States Department of Agriculture, Brooke Rollins in her official capacity as Secretary of the United States Department of Agriculture, and the United States of America.

[2] The Challenged Conditions also encompass §§ 11.2, 12.6, 12.9, 12.11 of the USDA's General Terms and Conditions for Mutual Interest Agreements.

provide breakfast and lunch to students in schools, at times the only nutritious meals that some children receive. They support infants, mothers, and families. They sustain the farm ecosystem by directly supporting American farmers, increasing firefighting capacity in rural communities, and funding university research to support the agricultural sector. And Plaintiff States have proudly administered such programs for decades without limitations based on any individual's race, gender identity, or citizenship status, unless otherwise required to do so by federal law. This well-established federal-state food and nutrition partnership, which USDA describes as "vast" and "critical" to the nation's welfare, has had a tremendous impact for decades.

Now, USDA is attempting to upend this well-established system by forcing Plaintiff States to take the agency's side in hotly contested debates over gender, diversity, and the availability of public services for non-citizens. Section 12.2 of the 2026 Conditions (the "Policy Condition") requires recipients to comply with not just federal anti-discrimination law, but all "Federal anti-discrimination . . . policies," (the "Policy Condition") including without limitation the policies enunciated in Executive Order 14168, Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government and Executive Order 14173, Ending Illegal Discrimination and Restoring Merit-Based Opportunity. Section 13.5 states that "[n]o funding shall be used to promote gender ideology" (the "Gender Condition"). Section 13.8 states, "[n]o funding shall be directed towards educational programs that deprive women and girls of fair athletic opportunities. No funding shall be directed towards male competitive participation in women's sports" (the "Sports Condition").  Section 13.10 states, "[n]o funding shall be directed towards programs that allow illegal aliens to obtain taxpayer-funded benefits, provide public resources to meet the needs of illegal aliens, or provide incentives for illegal immigration by demonstrating the availability of public benefits" (the "Immigration Condition").

2

The Challenged Conditions violate the Constitution and the Administrative Procedure ("APA") in several ways. First, they violate the Spending Clause of the Constitution because they are unconstitutionally vague, coercive, and are not reasonably related to the applicable programs. Second, the Challenged Conditions violate the APA because they are arbitrary and capricious. Third, the Policy Condition and the Immigration Condition were issued in excess of statutory authority in violation of the APA because Congress has not given USDA authority to impose these sweeping conditions. Fourth, the Immigration and Gender Conditions also violate the APA because they impose new conditions that are contrary to the statutory framework governing numerous USDA programs. Finally, to the extent that the Gender and Sports Conditions reflect an attempt to unilaterally rewrite Title IX, USDA has failed to follow the statutory notice and comment procedures required by the APA.

The Challenged Conditions are not only unlawful, but also impose irreparable harm on Plaintiff States. With no injunction, Plaintiff States face an impossible choice: forego potentially billions of dollars in federal funding to feed hungry children and protect our Nation's resources and agricultural industry, or relinquish their sovereign right to set policies regarding social equity, inclusion, and public welfare. Multiple Plaintiff States awarded USDA funds have been asked to execute award documents agreeing to the Challenged Conditions now or lose access to those funds. The position is untenable. Acceding to the Challenged Conditions would force Plaintiff States to relinquish their sovereign authority over social policy and welfare within their borders. n the other side of the coin, loss of critical USDA funding would be devastating, and in some instances life-threatening, to Plaintiff States who use that funding to fight wildfires, fund critical research, and feed our children. The public interest, too, sharply favors an injunction, as millions of individuals

will lose benefits and access to and critical programs if Plaintiff States are unable to receive USDA funding.

WHEREFORE, for the reasons set out in the accompanying memorandum of law, Plaintiff States respectfully request that this Court enjoin the Defendants from enforcing the Challenged Conditions against Plaintiff States and their subdivisions and instrumentalities and enter the proposed order accompanying this motion.

Respectfully submitted,

**Plaintiffs,**

ANDREA JOY CAMPBELL
 *Attorney General of Massachusetts*

By: */s/ Nita K. Klunder*
Nita K. Klunder (BBO No. 689304)
 *State Trial Counsel*
Hannah C. Vail (BBO No. 698577)
Jak Kundl (BBO No. 713951)
 *Assistant Attorneys General*
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2394
Nita.Klunder@mass.gov
Hannah.Vail@mass.gov
Jak.Kundl@mass.gov

*Counsel for the Commonwealth of Massachusetts*

ROB BONTA
 *Attorney General of California*

*/s/ Brian Bilford*
BRIAN BILFORD*
Deputy Attorney General
MICHAEL L. NEWMAN*
Senior Assistant Attorney General
JOEL MARRERO
Supervising Deputy Attorney General
ALYSSA ZHANG*
LUKE FREEDMAN*
DANIEL SHEEHAN*
Deputy Attorneys General
Brian.Bilford@doj.ca.gov
Michael.Newman@doj.ca.gov
Joel.Marrero@doj.ca.gov
Alyssa.Zhang@doj.ca.gov
Luke.Freedman@doj.ca.gov
Daniel.Sheehan@doj.ca.gov

*Counsel for Plaintiff State of California*

KWAME RAOUL
 *Attorney General of Illinois*

By: */s/ Vikas Didwania*
Vikas Didwania*
Aleeza Strubel*
 *Complex Litigation Counsels*
Michael M. Tresnowski*
 *Assistant Attorney General*
Office of the Illinois Attorney General
115 LaSalle Street
Chicago, IL 60603
(312) 814-3000
Vikas.Didwania@ilag.gov
Aleeza.Strubel@ilag.gov
Michael.Tresnowski@ilag.gov

*Counsel for the State of Illinois*

JOSHUA L. KAUL
 *Attorney General of Wisconsin*

By: */s/ Lynn K. Lodahl*
Lynn K. Lodahl*
 *Assistant Attorney General*
17 West Main Street
Post Office Box 7857
Madison, WI 53707
(608) 264-6219
lynn.lodahl@wisdoj.gov

*Counsel for the State of Wisconsin*

PHILIP J. WEISER
  *Attorney General of Colorado*

By: */s/ Sam Wolter*
Sam Wolter*
  *Assistant Attorney General*
Kristopher Brambila*
  *Senior Assistant Attorney General*
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
Samuel.wolter@coag.gov
Kristopher.brambila@coag.gov

*Counsel for the State of Colorado*

JENNIFER DAVENPORT
  *Attorney General for the State of New Jersey*

By: */s/ Jessica L. Palmer*
Jessica L. Palmer*
  *Assistant Attorney General*
Dianna Shinn*
Jonathan Allen*
  *Deputy Attorneys General*
New Jersey Office of the Attorney General
Division of Law – Environmental & Clean Energy Practice Group
25 Market Street
Trenton, New Jersey 08625-0093
(609) 696-4607
jessica.palmer@law.njoag.gov
dianna.shinn@law.njoag.gov
jonathan.allen@law.njoag.gov

*Counsel for the State of New Jersey*

WILLIAM TONG
  *Attorney General of Connecticut*

By: */s/ Andrew M. Ammirati*
Andrew M. Ammirati*
  *Assistant Attorney General*
165 Capitol Ave
Hartford, CT 06106
(860) 808-5090
Andrew.Ammirati@ct.gov

*Counsel for the State of Connecticut*

RAÚL TORREZ
  *Attorney General of New Mexico*

By: */s/ Amy Senier*
Amy Senier (BBO No. 672912)
  *Senior Counsel*
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
505-490-4060
asenier@nmdoj.gov

*Counsel for the State of New Mexico*

KATHLEEN JENNINGS
  *Attorney General of the State of Delaware*

By: */s/ Ian R. Liston*
Ian R. Liston*
  *Director of Impact Litigation*
Rose E. Gibson*
Vanessa L. Kassab*
  *Deputy Attorneys General*

LETITIA JAMES
  *Attorney General for the State of New York*

By: */s/ Natasha M. Korgaonkar*
Rabia Muqaddam*
  *Chief Counsel for Federal Initiatives*
Natasha M. Korgaonkar (BBO 704129)
Matthew Faiella*
  *Special Counsel*

Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
ian.liston@delaware.gov

*Counsel for the State of Delaware*

ANNE E. LOPEZ
 *Attorney General for the State of Hawaiʻi*

By: */s/ Kalikoʻonālani D. Fernandes*
David D. Day*
 *Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes*
 *Solicitor General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*

BRIAN L. SCHWALB
 *Attorney General for the District of
 Columbia*

By: */s/ Samantha Hall*
Samantha Hall*
 *Assistant Attorney General*
Office of the Attorney General
for the District of Columbia
400 Sixth Street NW
Washington, D.C. 20001
(202) 788-2081
samantha.hall@dc.gov

*Counsel for the District of Columbia*

ANTHONY G. BROWN
 *Attorney General for the State of Maryland*

By: */s/ James C. Luh*
James C. Luh*
 *Senior Assistant Attorney General*

28 Liberty St.
New York, NY 10005
(212) 416-6557
rabia.muqaddam@ag.ny.gov
Natasha.korgaonkar@ag.ny.gov
matthew.faiella@ag.ny.gov

*Counsel for the State of New York*

DAN RAYFIELD
 *Attorney General for the State of Oregon*

By: */s/ Leanne Hartmann*
Leanne Hartmann, MA BBO #667852
 *Senior Assistant Attorney General*
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
Leanne.Hartmann@doj.oregon.gov

*Counsel for the State of Oregon*

PETER F. NERONHA
 *Attorney General of Rhode Island*

By: */s/ Paul T.J. Meosky*
Paul T.J. Meosky*
 *Special Assistant Attorney General*
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2064
pmeosky@riag.ri.gov

*Counsel for the State of Rhode Island*

CHARITY R. CLARK
 *Attorney General of Vermont*

By: */s/ Jonathan T. Rose*
Jonathan T. Rose*
 *Solicitor General*

7

Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6411
jluh@oag.maryland.gov

*Counsel for the State of Maryland*

AARON M. FREY
  *Maine Attorney General*

By: */s/ Katherine W. Thompson*
Katherine W. Thompson*
  *Special Counsel*
Office of the Attorney General
6 State House Station
Augusta, ME 04333
Tel.: 207-626-8455
Fax: 207-287-3145
Kate.thompson@maine.gov

*Counsel for the State of Maine*

DANA NESSEL
  *Attorney General of Michigan*

By: */s/ Neil Giovanatti*
Neil Giovanatti*
  *Assistant Attorney General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov

*Counsel for the State of Michigan*

KEITH ELLISON
  *Attorney General for the State of Minnesota*

  By: */s/ Brian S. Carter*
Brian S. Carter*
*Special Counsel*
445 Minnesota Street, Suite 1400

Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3171
jonathan.rose@vermont.gov

*Counsel for the State of Vermont*

JAY JONES
  *Attorney General of Virginia*

By: /s/ Tillman J. Breckenridge
Tillman J. Breckenridge*
  *Solicitor General*
202 N. 9th Street
Richmond, Virginia 23219
Tel: (804) 786-2071
Fax: (804) 786-1991
solicitorgeneral@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

NICHOLAS W. BROWN
  *Attorney General of Washington*

*By: /s/ Zane Muller*
Zane Muller*
Erica Franklin*
  *Assistant Attorneys General*
800 Fifth Avenue, Suite 2000
P.O. Box TB-14
Seattle, WA 98104-3188
206-464-7744
Zane.Muller@atg.wa.gov
Erica.Franklin@atg.wa.gov

*Counsel for the State of Washington*

St. Paul, Minnesota, 55101
(651) 300-7403
Brian.carter@ag.state.mn.us

*Counsel for the State of Minnesota*


*\*pro hac vice admitted, pending, or forthcoming*

## CERTIFICATION OF COMPLAINCE WITH LOCAL RULE 7.1

I, Nita K. Klunder, certify that I spoke with counsel for the Defendants, Michael Fitzgerald on March 25, 2026 via videoconference in a good faith effort to resolve the issues posed by this motion.

> */s/ Nita K. Klunder*
> Nita K. Klunder

## CERTIFICATE OF SERVICE

I certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF

> */s/ Nita K. Klunder*
> Nita K. Klunder