**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF AGRICULTURE, et al., <br><br> Defendants. | Case No. 1:26-cv-11396-MJJ |

# EXHIBIT 29

## DECLARATION OF RACHEL COLCHAMIRO

I, Rachel Colchamiro, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct:

1.      I am over the age of 18. I know the following facts based on my own personal knowledge and review of agency records. If called as a witness, I could testify competently to the matters set forth below.

### Background

2.      I am the Director of the Nutrition Division at the Massachusetts Department of Public Health (DPH or Department). My job duties include serving as the Director of the Massachusetts WIC Program, providing oversight of all WIC program components, services, and grant funding.

3.      I have been employed by DPH since 2001, and I have served as the Nutrition Division Director since March 2020.  I held two previous roles at DPH prior to this position: State WIC Breastfeeding Coordinator and WIC Nutrition Coordinator. Before starting at DPH, I served as the Jamaica Plain WIC Program Senior Nutritionist at Brookside Community Health Center.

4.      DPH is statutorily mandated to take cognizance of the interests of life, health, comfort and convenience among all citizens of the Commonwealth. Mass. G.L. c. 111, § 5. Within the scope of its responsibilities, the Department is also statutorily mandated to administer the WIC program in the Commonwealth to provide supplemental foods and nutrition education to pregnant, postpartum, and breastfeeding women, infants and young children. Mass. G.L. c. 111l, § 1.

5.      DPH is the primary grantee of WIC funding for Massachusetts.

6.     I have reviewed past and present WIC award documents issued to DPH and am familiar with their contents.

**Massachusetts' Annual Receipt of WIC Funding**

7.     USDA's Food and Nutrition Service (USDA-FNS) has allocated the following amounts of WIC funding to DPH in recent federal fiscal years:

|  | FY 2023 | FY 2024 | FY 2025 | FY 2026 |
|---|---|---|---|---|
| Regular Funding | 122,456,456 | 124,393,616 | 127,046,578 | 127,795,036 |
| Breastfeeding | 1,561,692 | 1,528,690 | 1,557,603 | |
| Infrastructure | 573,531 | 986,600 | | |
| Modernization | 1,363,936 | | | |

8.     WIC funds are disbursed by USDA-FNS quarterly. In January 2026, DPH received award documents from USDA-FNS indicating the amount of basic food and nutrition administration funds in its WIC Funding (Regular Funding – Food and Nutrition Services Administration) for FY2026. WIC also received an infrastructure award in March 2026.  To date, DPH has not yet received other expected awards such as those related to breastfeeding peer counseling.

9.     Basic food and nutrition administration funds are used to pay for WIC food and formula benefits and to support administrative WIC costs, including local and state staff salaries, clinic spaces and other occupancy costs, procured WIC technology and related services, outreach costs, and nutrition education and counseling resources.

10.     In federal FY25, Massachusetts WIC served 199,445 unique participants, further divided as follows: 113,096 children; 56,713 women; and 29,636 infants.

**Harms to the State Caused by USDA-FNS's New Funding Conditions**

11.     I understand that on December 31, 2025, Secretary of Agriculture Brooke L. Rollins issued a Secretarial Memorandum directing all USDA agencies and staff that issue

"grants, cooperative awards, and other similar arrangements, including mutual interest agreements" to implement new general terms and conditions, dated December 31, 2025 (the "2026 Conditions").

12. The 2026 Conditions state: "Unless otherwise prohibited by law, recipients and subrecipients of USDA Federal financial assistance grants and cooperative agreements must comply with these General Terms and Conditions. These General Terms and Conditions are in addition to the assurances and certifications made as part of the Federal award and any agency- or program specific terms, conditions, and restrictions included in the Federal award."

13. Though USDA-FNS has not communicated this change to DPH, USDA-FNS apparently updated its standard terms and conditions for all grant awards, including amendments to existing USDA-FNS grants, on Monday March 23, 2026. USDA-FNS's revised terms and conditions now note "the Recipient agrees to comply with all provision of the [2026 Conditions]." Any imposition of the 2026 Conditions on WIC could cause Massachusetts to suffer significant harms.

14. For instance, under 12.2 of the 2026 Conditions, "[t]he recipient must comply, and certif[y] that it will comply, with all applicable Federal anti-discrimination laws, regulations, and policies for the duration of the Federal award," including but not limited to Presidential Executive Order 14168 and Presidential Executive Order 14173. The 2026 Conditions do not define or identify all the Federal anti-discrimination "policies" to which the recipient must certify, or whether that certification is meant to apply to funded programs or across the recipient entity. Consequently, DPH does not know what USDA-FNS expected of it with respect to federal "policies."

15. Section 13.10, titled EO 14218: Ending Taxpayer Subsidization of Open Borders,

further states in full: "No funding shall be directed towards programs that allow illegal aliens to obtain taxpayer-funded benefits, provide public resources to meet the needs of illegal aliens, or provide incentives for illegal immigration by demonstrating the availability of public benefits." The 2026 Conditions do not define what constitutes "benefits," "public resources" or "incentives" in this context. As with Section 12.2 then, DPH does not know exactly what USDA-FNS expects of it with regard to Section 13.10. Also, as I understand it, 7 CFR 246.7(c)(3) gives state agencies the *option* to limit participation in WIC to United States citizens, nationals, and qualified aliens, but are not required to do so. Massachusetts has not limited its WIC program in that way and accordingly does not know the immigration status of WIC beneficiaries and has no infrastructure set up to ascertain that information.

16.    In my years with DPH, I am not aware of USDA-FNS imposing conditions like these on the state's receipt of WIC funding. Nor does doing so make any sense, given the long-accepted goal of the WIC program to support the nutritional development of pregnant women, infants, and children—not to advance unspecified government "policies" or immigration goals.

17.    In the event USDA-FNS intends to impose additional verification requirements on funding recipients through the 2026 Conditions, DPH would experience significant compliance and operational burdens, as well. DPH operates its programs in compliance with Federal constitutional law, statutes, and regulations governing non-discrimination practices and the provision of public benefits to immigrants. To the extent the 2026 Conditions mean to impose *new* requirements on DPH, and those requirements were deemed lawful, DPH would need to digest and develop guidance about those requirements, and train employees. It also may need to adopt new technology or other systems to implement those requirements and ensure compliance with them across the Massachusetts WIC system.

18.    Additionally, if USDA-FNS were to withhold WIC funding to DPH, individuals, families, and the public health of Massachusetts would suffer. USDA-FNA funding for WIC supports many vital nutrition services, breastfeeding support, health care referrals and benefits to purchase healthy foods, including infant formula for pregnant individuals, postpartum mothers, and children in Massachusetts. More than 40% of all infants born in Massachusetts participate in the WIC Program; losing funding would have devastating effects on infant growth and development.  Losing WIC funding would result in negative long-term health consequences for low income families, and create greater incidence of food insecurity due to decreased access to healthy foods essential for nutrition during critical periods of development (such as milk, eggs, whole grains and fruits and vegetables).

19.    DPH does not have funds to cover the loss of federal WIC funding. Consequently, a loss or delay in WIC funding would constrain funded programs--like food and formula benefit redemption for nearly 120,000 individuals—and would severely hamper the ability of state and local WIC staff that provide services, as well as the technologies that support program operations, to function.  Such a loss or delay of WIC funding may also require termination or suspension of WIC vendor contracts, which could pose a potential long-term disruption of the system for disseminating benefits even if funding is later restored.


I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct and that this declaration was electronically executed on March 27, 2026 in Boston, Massachusetts.

*/s/ Rachel Colchamiro*
Rachel Colchamiro
Director, Nutrition Division
Massachusetts Department of Public Health