UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF
MASSACHUSETTS,
et al,

        Plaintiffs,

    v.

U.S. DEPARTMENT OF AGRICULTURE,
et al,

        Defendants.

Case No. 26-cv-11396-MJJ

**DEFENDANTS' SUPPLEMENTAL RESPONSE**

Pursuant to the Court's request at the June 2, 2026 hearing, Defendants respectfully submit the attached declaration in further opposition to Plaintiffs' motion for a preliminary injunction. This declaration explains that the United States Department of Agriculture's Food and Nutrition Administration (FNA)—formerly the Food and Nutrition Service—administers nutrition assistance programs such as the Supplemental Nutrition Assistance Program (SNAP), the Special Supplemental Nutrition Program for Women, Infants, and Children (WIC), the National School Lunch Program, the School Breakfast Program, and The Emergency Food Assistance Program (TEFAP), through Federal/State Agreements (FSA). Doc. No. 63-1 (Decl. of S. Corely) at 2. And it further explains that, "[d]ue to their unique nature," these FSA programs "have historically operated through a unique set of terms and conditions" and that FNA "has not applied," "is not applying," and is not "planning to apply" the General Terms and Conditions (including the Challenged Conditions) to these FSA programs. *Id.* at 3.

Accordingly, in Defendants' view, the Court lacks jurisdiction to issue a preliminary injunction enjoining them from applying the Challenged Conditions to these programs.

Moreover, the fact that Defendants are not applying the Challenged Conditions to these programs substantially undermines the merits of several of Plaintiffs' claims.

For example, in support of their claim that the Court should set aside the Challenged Conditions under the APA as "not in accordance with law," 5 U.S.C. § 706(2)(A), Plaintiffs argued (i) that "[a]pplication of the Immigration Condition to the National School Lunch Program, the School Breakfast Program, WIC, or TEFAP" would "contradict[] 8 U.S.C. § 1615," (ii) that application of the Immigration Condition to TEFAP would "contravene[] USDA regulations governing TEFAP," and (iii) that application of the Gender Condition would "contravene[] USDA regulations governing SNAP." Doc. No. 43 at 33-34. But, as described, Defendants have not applied, are not applying, and have no intention of applying the Challenged Conditions to these programs. And Plaintiffs have not argued that application of the Challenged Conditions would be contrary to law for any other reasons.

As another example, in support of their claim that the Challenged Conditions violate the Spending Clause because they are unduly coercive, Plaintiffs argued that if they did not agree to these conditions, it would "create a gaping hole in [their] state budgets"—citing their reliance on Child Nutrition Programs funding and SNAP funding. Doc. No. 43 at 24. Again, Defendants have not applied, are not applying, and have no intention of applying the Challenged Conditions to these programs. And Plaintiffs have not shown that forgoing funding for other programs (to which the Challenged Conditions do apply) would have a comparable impact on their budgets— much less an impact remotely approaching what the Supreme Court has found to present an unduly coercive choice. *See Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 582 (2012) (finding that a "threatened [a] loss of over 10 percent of a State's overall budget" amounted to "economic dragooning that [left] the States with no real option but to acquiesce").

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: June 5, 2026          By:     */s/ Michael L. Fitzgerald*
                                     MICHAEL L. FITZGERALD
                                     Assistant United States Attorney
                                     U.S. Attorney's Office
                                     1 Courthouse Way, Ste. 9200
                                     Boston, MA 02210
                                     (617) 748-3266
                                     michael.fitzgerald2@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael L. Fitzgerald*
MICHAEL L. FITZGERALD
Assistant U.S. Attorney

3